IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

VETERANS CAPITAL CORP, a Florida profit corporation; and ASC LEASE INCOME, LLC, a Florida limited liability company,

    Plaintiffs,

v.

FUTURE FARM TECHNOLOGIES, INC.,

    Defendant.

CASE NO. __2:22-cv-463_____

JUDGE _____

## COMPLAINT

Plaintiffs, VETERANS CAPITAL CORP. and ASC LEASE INCOME, LLC (collectively "Lessors"), by and through their undersigned attorneys, sue Defendant, FUTURE FARM TECHNOLOGIES, INC. ("FUTURE FARM" or "Lessee") and allege:

## INTRODUCTION

1. This is an action for money damages for a breach of lease.

2. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the action because: (1) there is complete diversity of citizenship between Plaintiffs and

Defendant; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY JURISDICTION

3. This action involves a controversy between citizens of Florida and a citizen of a foreign state.

4. Plaintiff, VETERANS CAPITAL CORP, is a Florida profit corporation with its principal place of business in Collier County, Florida.

5. Plaintiff, ASC LEASE INCOME, LLC, is a Florida limited liability company with its principal place of business in Collier County, Florida.

6. Defendant, FUTURE FARM, is a foreign corporation doing business in Collier County, Florida, and which entered into an agreement in Collier County, Florida. FUTURE FARM is incorporated in and has their principal places of business in Dedham, Massachusetts and Vancouver, British Columbia. The general rule regarding the treatment of corporations as "citizens" has become firmly established and, as a corporation, FUTURE FARM should be treated as citizens of Massachusetts and British Columbia. *See Carden v. Arkoma Associates*, 494 U.S. 185, 189 (1990); *see also Scott v. Walmart, Inc.*, 528 F. Supp. 3d 1267, 1272 (M.D. Fla. 2021) (holding that Walmart, Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores East L.P. are citizens of Delaware and Arkansas, as those are the states in which they are incorporated and have their principle places of business).

7. As such, there is complete diversity of citizenship between Plaintiffs and the Defendant.

## AMOUNT IN CONTROVERSY

8. The amount in controversy exceeds $75,000.00.

9. Specifically, Defendant owes the total sum of $188,050.24, exclusive of interest, late fees and attorney's fees to which Plaintiffs are entitled and which continue to accrue. The foregoing sum includes principal past due rental payments in the amount of $84,030.79 and the fair market value of equipment leased but not returned by FUTURE FARM in the amount of $104,019.45.

## COUNT I – BREACH OF LEASE

10. Lessors and FUTURE FARM entered into a Master Lease Agreement dated August 1, 2017 ("Lease"). A true and correct copy of the Lease, including all schedules thereto, is attached hereto as **Exhibit "1".**

11. The Lease states, in relevant part:

> Section 1: **LEASING.** Subject to the terms of this Agreement, Lessor agrees to lease to Lessee and Lessee agrees to lease from Lessor the equipment (collectively, the ***"Equipment"*** and individually a ***"unit of Equipment"***) described in any equipment schedule (a ***"Schedule"***) signed by Lessee and approved by Lessor.
>
> Section 2: **NET LEASE. EACH LEASE IS A NET LEASE AND ALL PAYMENTS HEREUNDER ARE NET TO LESSOR. LESSEE IS UNCONDITIONALLY OBLIGATED TO PAY MONTHLY RENT AND OTHER AMOUNTS DUE UNDER SUCH LEASE REGARDLESS OF ANY DEFECT OR DAMAGE TO EQUIPMENT OR SOFTWARE, OR LOSS OF**

**POSSESSION, USE OR DESTRUCTION FROM ANY CAUSE WHATSOEVER. LESSEE'S OBLIGATIONS SHALL CONTINUE UNTIL SPECIFICALLY TERMINATED AS PROVIDED IN SUCH LEASE. LESSEE'S OBLIGATION WILL DISCONTINUE UPON RECEIPT OF FUNDS THROUGH A CASAULTY AND OR INSURANCE PAYMENT THAT SATISFIES THE LEASE OBLIGATION AS PROVIDED IN SUCH LEASE. LESSEE IS NOT ENTITLED TO ANY ABATEMENT, REDUCTION, RECOUPMENT, DEFENSE, OR SET-OFF AGAINST MONTHLY RENT OR OTHER AMOUNTS DUE TO LESSOR ITS ASSIGNEE, WHETHER ARISING OUT OF SUCH LEASE OR OUT OF LESSOR'S STRICT LIABILITY OR NEGLIGENCE, FROM ANY THIRD PARTY OR OTHERWISE.** (Emphasis in original).

Section 4(b): …The Equipment is and shall remain the sole and exclusive property of Lessor or its assignees.

Section 4(c): In the event of a Default, until Lessee has complied with Section 6(d) ("Use, Operation, Return of Equipment") Lessee shall pay Lessor monthly Rent, as liquidated damages for lost rentals and not as a penalty, such payment to be computed on a daily basis (with one day's rent being $1/30^{th}$ of the Monthly Rent) until the Equipment is returned….

Section 6(d): At the end of the Initial Term of the Lease or any renewal term, or upon any early termination of the Lease (whether upon a Default or otherwise), Lessee agrees, at its own expense and risk… (vii) to deliver the Equipment freight and insurance prepaid, to a carrier selected by Lessor and to otherwise provide for the transportation of the Equipment in a manner consistent with the manufacturer's recommendations and practices to any location within the continental United States or such location as Lessor shall direct and to have the Equipment unloaded at such location on a date specified by Lessor.

Section 6(e): …If a Lease is terminated as a result of a Default, Lessee shall, upon Lessor's request, return all Equipment to such location as specified by Lessor.

Section 13: **DEFAULT AND REMEDIES.** (a) Lessor may declare in default (a *"Default"*) if, with respect to such Lease: (i) Lessor has not received any Rent or other amount due hereunder within five (5) business days after its due date (or such other period as required by law); or (ii) Lessee or any guarantor violates or fails to perform any obligation of any term of this Agreement, a Lease, any term of a guaranty or under any other agreement between Lessor and Lessee or any guarantor and fails to correct such violation or failure to perform within ten (10) days after written notice from Lessor…

Section 13(b): At any time after a Default, Lessor may declare a default under any other Lease or agreement between Lessee (and any affiliate) and Lessor or its affiliate and Lessor shall have the right to exercise any one or more of the following remedies as Lessor in its sole discretion shall elect… (b) declare all sums due and to become due hereunder immediately due and payable; (c) without terminating the Lease(s), require Lessee to promptly deliver the Equipment in the manner specified in Section 6 hereof; … (f) exercise any other rights or remedy which may be available to it in law or in equity…. Lessee shall promptly pay any resulting deficiency; together with interest at the highest rate provided by law …, and Lessor's reasonable attorney's fees if legal action or services are required to collect such deficiency….

12. FUTURE FARM breached its obligations under the Lease by, among other things, failing to make timely payments due under the Lease, failing to provide the Lessor with the location of the leased Equipment, and failing to surrender the leased Equipment.

13. Lessors provided FUTURE FARM with ample notice of the numerous breaches, including by correspondence from Lessors' corporate counsel dated April 22, 2021, May 6, 2021, and December 27, 2021.

14. Lessors again provided FUTURE FARM with notice of its breaches on April 14, 2022.

15. Despite ample notice, FUTURE FARM failed to fulfill its obligations to Lessors.

16. FUTURE FARM remains indebted to Lessors in the amount of $188,050.24, exclusive of interest, late fees and attorney's fees to which Plaintiffs are entitled and which continue to accrue.

17. The Lessors have been damaged by FUTURE FARM's breaches of the Lease.

18. In the event FUTURE FARM returns the leased EQUIPMENT, the foregoing damages may be reduced accordingly.

19. The Lessors have retained the law firm of Coleman, Hazzard, Taylor, Klaus, Doupé & Diaz, P.A. to represent them in this matter and have agreed to pay the firm a reasonable fee for its services.

20. Pursuant to Section 13 of the Lease, FUTURE FARM is required to pay Lessors for all costs, expenses, pre- and post-judgment interest and reasonable attorney's fees incurred in this matter.

WHEREFORE, Plaintiffs, VETERANS CAPITAL CORP. and ASC LEASE INCOME, LLC, demand judgment against Defendant, FUTURE FARM

TECHNOLOGIES, INC., for damages, plus pre-judgment and post-judgment interest, attorney's fees, and costs.

Dated this 28th day of July, 2022.

        COLEMAN, HAZZARD, TAYLOR,
        KLAUS, DOUPÉ & DIAZ, P.A.

        By: /s/ Sonia M. Diaz
            Sonia M. Diaz, Esq.
            Florida Bar No. 0588911
            sdiaz@chtlegal.com*
            **LEAD TRIAL COUNSEL** *for Plaintiffs*
            Robert A. Bernstein, Esq.
            Florida Bar No. 111361
            rbernstein@chtlegal.com*
            4099 Tamiami Trail North, Suite 201
            Naples, FL 34103
            (239) 298-5200
            (239) 298-5236 (fax)

        *All service e-mail should be sent to:
        service@chtlegal.com

m:\veterans capital corp\word file\pleadings\complaint.docx