## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**VETERANS CAPITAL CORP.** and
**ASC LEASE INCOME, LLC**,

    Plaintiffs,

v.                                                                                                    2:22-cv-463-SPC-NPM

**FUTURE FARM TECHNOLOGIES, INC.**,

    Defendant.

___

## REPORT AND RECOMMENDATION

Plaintiffs Veterans Capital Corp. and ASC Lease Income, LLC bring this breach-of-contract action against Future Farm Technologies, Inc. Plaintiffs allege they contracted to lease equipment to Future Farm, but Future Farm failed to pay monthly lease payments and failed to return the equipment. So Plaintiffs sued Future Farm. They amended their complaint once as a matter of right. (Doc. 5). And a process server served Future Farm by delivering a copy of the summons and amended complaint to Mary C. Butler, Future Farm's registered agent, at 55 Norwell Road, Dedham, MA 02026. (Docs. 10, 11). Future Farm did not respond. Because Future Farm failed to answer or otherwise defend, a clerk's default was entered. (Doc. 13). Plaintiffs now move for default judgment. (Doc. 52). Plaintiffs mailed a copy of the motion to Future Farm's registered agent, but Future Farm did not file a response. (Doc. 15 at 3-4).

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). But the court must first review subject-matter jurisdiction, personal jurisdiction, service of process, and whether the complaint states a claim upon which relief may be granted. *See Integrated Fire & Sec. Sols., Inc. v. Tutela IFSS Acquistion LLC*, No. 217-cv-443FTM38MRM, 2018 WL 707064, *2 (M.D. Fla. Feb. 5, 2018). Because Future Farm has failed to answer, it has admitted to all non-frivolous allegations in the operative complaint, except those going to the amount of damages. Fed. R. Civ. P. 8(b)(6).

As for subject-matter jurisdiction over the action, Plaintiffs sufficiently allege diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Plaintiffs are citizens of Florida (Doc. 5 ¶¶ 4, 5), Future Farm is a citizen of Canada (Doc. 5 ¶ 6), and the amount in controversy exceeds $75,000 (Doc. 5 ¶ 9). As for personal jurisdiction, the parties' lease provides:

> **THIS AGREEMENT SHALL BE DEEMED TO BE MADE IN FLORIDA AND SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH FLORIDA LAW. [FUTURE FARM] AGREES THAT ALL LEGAL ACTIONS IN CONNECTION WITH THIS AGREEMENT, AT [PLAINTIFFS'] OPTION, SHALL TAKE PLACE IN THE FEDERAL OR STATE COURTS SITUATED IN FLORIDA.**

(Doc. 5-1 at 7). This provision appears to confer personal jurisdiction over Future Farm. *See* Fla. Stat. §§ 685.101, 685.102 (providing personal jurisdiction over a foreign defendant if the defendant agreed to a Florida choice-of-law provision and forum selection clause, the contract relates to a transaction of at least $250,000,

and if at least one party to the contract is a citizen of Florida); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985) (recognizing that enforcement of a forum-selection clause generally does not offend due process); *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 921 (11th Cir. 1989) ("As the Supreme Court noted in *Burger King*, the due process analysis is unnecessary where a nonresident has consented to suit in a forum.").

Lastly, default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). When evaluating the sufficiency of the alleged facts, a court looks to whether the complaint contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). Here, the complaint contains sufficient factual allegations to support these elements. Plaintiffs allege that the parties have a contract—the lease agreement—and they attach that contract to the amended complaint. (Doc. 5-1). Plaintiffs allege that Future Farm breached the contract by failing to pay monthly lease payments and by failing to return the equipment. Because of its default, Future Farm is deemed to

have admitted these sufficient allegations. So the court finds Future Farm is liable to Plaintiffs for breach of contract.

But the court "has an obligation to assure that there is a legitimate basis for any damage award it enters. . . ." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). And a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Plaintiffs seek a default judgment for damages in the amount of $148,778.41, which is less than the $188,050.24 in damages asserted in the operative complaint. (Doc. 5, ¶ 9). And the damages sought are well supported by the lease schedules and affidavits attached to the motion for default judgment. (Docs. 15-1 – 15-3).

As for attorney's fees and costs, Future Farm "agree[d] to pay Lessor's attorneys' fees and out-of-pocket expenses in protecting and enforcing its rights under a Lease." (Doc. 5-1 at 6). So Plaintiffs are entitled to attorney's fees, costs, and non-taxable expenses. In support of the fee award sought, Plaintiffs provide affidavits listing the attorneys' rates and hours expended. (Docs. 15-4, 15-5). Plaintiffs seek fees for 38.5 hours of attorney work (billed at $300 and $400 per hour) and 18.5 hours of paralegal work (billed at $160 and $175 per hour).[1]

---

[1] Ordinarily, litigants must follow a bifurcated procedure to seek attorney's fees. *See* M.D. Fla. R. 7.01. But, in the interest of judicial economy, the court will address both entitlement to, and a reasonable amount for, the fee award.

4

Plaintiffs have failed to supply adequate information from which the court can determine a fair market rate. *See Mraz v. I.C. Systems, Inc.*, No. 2:18-cv-254-FtM-38NPM, 2021 WL 4086147, *6 (M.D. Fla. Aug. 23, 2021) (noting that cookie-cutter affidavits describing fees as reasonable do not offer any evidence about rates actually billed and paid in similar lawsuits and therefore provide no evidentiary support for an award). But the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. at *5 (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

First, the court should find that $300 per hour is a reasonable estimation of what a lawyer in this division would collect from a fee-paying client for providing representation comparable to the skill and expertise supplied in this action.[2] Nearly any newly minted litigator could have prepared the bare-bones pleadings and motions filed in this matter and effected service.

And second, the court should find that 21 (and not 38.5) hours of attorney time is reasonable. This action involves a simple breach-of-contract claim. The complaint is only seven pages long, a large portion of which is block quotes from

---

[2] In a fee-shifting context, the reasonable-rate determination varies according to the circumstances. So a reasonable rate for the forthcoming judgment-enforcement work may be higher.

the lease. The court ordered Plaintiffs to file an amended complaint, and they complied making only minor changes. Otherwise, Plaintiffs only perfected service and moved for a clerk's default and default judgment. Finally, the motion for default judgment is only two pages in length and does not include a memorandum of law. *See* M.D. Fla. R. 3.01(a).[3]

Future Farm also agreed to pay Plaintiffs' costs and non-taxable expenses. So Plaintiffs should recover the $402 filing fee and the $1,745.16 devoted to process-server fees. (Docs. 15-4 at 2, 15-5 at 2).

Accordingly, Plaintiffs' motion for default judgment (Doc. 15) should be granted in part and the clerk should be directed to enter judgment for Plaintiffs in the amount of $173,282.63 **plus $31.35 per day until judgment is entered** (representing $148,778.41 in damages; $16,057.06 in prejudgment interest as of July 25, 2023; $6,300 in attorney's fees; and $2,147.16 in costs and expenses).[4] The judgment does not need to contain any express reference to post-judgment

---

[3] The court may "only award fees for the work of a paralegal when the work is of a legal nature, traditionally performed by attorneys," *Fed. Trade Comm'n v. Life Mgmt. Servs. of Orange Cty., LLC*, No. 6:16-cv-982-ORL-41TBS, 2017 WL 2869535, *3 (M.D. Fla. June 12, 2017), *report and recommendation adopted*, 2017 WL 4877460 (Oct. 30, 2017) (collecting cases). The court finds that awarding more than 21 hours for legal work in this matter, whether performed by an attorney or a paralegal (if even compensable), would be excessive. So the court does not award paralegal time.

[4] Plaintiffs' calculation of prejudgment interest (Doc. 21-3) contains two errors. First, Plaintiffs calculated the interest based on a total unpaid principal of $148,788.41 (the correct figure is $148,778.41). Second, Plaintiffs double counted interest for April 1, 2023, through May 31, 2023. The court's calculation of prejudgment interest corrects these errors.

interest because such interest will automatically accrue by statute. *See* 28 U.S.C. § 1961(a).

Respectfully recommended on July 25, 2023.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**